## KROEHLER MFG. CO. et al. v. SIGMON FURNITURE MFG. CO.

### No. 1229.

District Court, W. D. Oklahoma.
June 21, 1934.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, Okl., for complainants.

Tomerlin & Chandler, of Oklahoma City, Okl., for receiver.

Wilson & Wilson, of Oklahoma City, Okl., for intervener New York Life Ins. Co.

Charles Hill Johns, of Oklahoma City, Okl., for intervener Claude T. Sigmon.

VAUGHT, District Judge.

Heretofore, on the 23d day of July, 1932, this court entered an order and decree in this cause relative to the interests of the defendant and of Claude T. Sigmon in certain insurance policies issued on the life of the said Claude T. Sigmon, dated May 24, 1916, and numbered, 4934863-4, 5, 6, and 7, in the sum of $5,000 each, in which policies the defendant corporation is named as beneficiary, and which said defendant corporation has paid all of the premiums on said policies up to the time of the appointment of the receiver herein.

It further appears that under order of this court the receiver was directed to pay the premiums up to and including April 10, 1932; said order containing the following:

"The court finds that it is to the interest of said estate that the receiver be authorized to permit said policies to lapse and to surrender said policies to said insurance company for cancellation and to receive and collect from said company at the date of the lapsing of said policies, to-wit: May 10, 1933, the said sum of $5,501.25.

"It is therefore ordered, adjudged and decreed by the court that unless the said Claude T. Sigmon has paid to the said receiver the amount of said surrender value of said policies as hereinafter provided prior to May 10, 1933, that said receiver shall not be required to continue payment of premiums on said policies, and that on and after that date he shall be entitled to demand and receive from the New York Life Insurance Company, without the consent of said Claude T. Sigmon, said sum of $5,501.25, and that the said New York Life Insurance Company shall become liable to said receiver in said amount upon the lapsing of said policies and surrender thereof to said company, and it is adjudged and decreed by the court that said Claude T. Sigmon has no right, title or interest in and to said policies or any cash benefits thereof.

"It is further ordered, however, that in the event said Claude T. Sigmon shall pay to the said Barron C. Housel, receiver, the sum of $5,501.25 on or prior to May 10th, 1933, that he shall surrender and deliver to said Claude T. Sigmon all of said policies of insurance and to execute a consent to the change of beneficiary thereof, as such receiver, on behalf of himself and of the Sigmon Furniture Manufacturing Company, respondent herein. * * *

"It is further ordered by the court that prior to May 10th, 1933, and prior to the date of the receipt of the said $5,501.25 by said receiver as aforesaid, the beneficiary named in said policies shall not be changed and said policies shall remain in their present position, condition and status until said time, or the happening and performing of said condition."

At the time of the rendition of said judgment and order, the court had jurisdiction of the persons, to wit, the receiver, the New York Life Insurance Company, and Claude T. Sigmon, as well as of the policies involved in this action. It now appearing to the court that at the time indicated in said former decree, to wit, May 10, 1933, the said Claude T. Sigmon had been unable to pay the said receiver the sum of $5,501.25, representing the cash surrender value of said policies, but that contrary to said original order he now contends that the fact that the policies provided on their faces that the insured could change the beneficiary at any time, he now has the right to change said beneficiary, and that he, the insured, has the right to said cash surrender value of said policies. The fact that said policies contain the said provision does not inure to the benefit of said insured, because his rights in said policy, in so far as the defendant company is concerned, were controlled by the contract between him and the defendant company, and so long as the insured and beneficiary named in said policy agreed for a consideration that the defendant company should be the beneficiary of said policies in all respects, so long as this agreement did not conflict with the laws governing the insurance company, said agreement would be binding upon the insurance company. The defendant corporation paid the premiums, and the premiums were paid for one purpose; for the protection of the defendant company and not for the protection of the insured.

The court has carefully examined the briefs submitted in this case, but is of the opinion that said original order which was approved by the receiver, the insurance company, and the said Claude T. Sigmon, properly determines the rights of the parties. The court is of the opinion that the receiver is entitled to the cash surrender value of said policies, and that the said insured has no interest therein which would prejudice the rights of the receiver in any manner; and it is so ordered.

A decree consistent with the foregoing may be prepared and submitted; to all of which an exception is allowed Claude T. Sigmon and the New York Life Insurance Company.